Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff, Mary A. Competente*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY A. COMPETENTE,<br><br>  Plaintiff,<br><br>  v.<br><br>CITIBANK, N.A.; and DOES 1 to 10, inclusive,<br><br>  Defendant(s). | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. TCPA, 47 U.S.C. § 227<br>2. RFDCPA, Cal. Civ. Code § 1788<br><br>(Unlawful Debt Collection Practices) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Mary A. Competente ("Plaintiff"), through her attorneys, alleges the following against Defendant, Citibank, N.A., ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Moreno Valley, Riverside County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant is a creditor engaged in the business of giving loans with its principal place of business located in New York, New York. Defendant can be served with process in 701 East 60th Street North, Sioux Falls, SD 57104.

9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11. Defendant is attempting to collect a debt from Plaintiff.

12. In or around July 2016, Defendant began placing calls to Plaintiff's cellular phone number (951) 378-1608, in an attempt to collect an alleged debt.

13. The calls mainly originated from: (859) 309-5128, (859) 795-2727, (800) 733-1116, (816) 420-4732, (816) 420-4632, and (800) 295-4057; upon information and belief these numbers are owned or operated by Defendant.

14. Between July 11, 2016 and August 9, 2016, Defendant called Plaintiff no less than sixty-nine (69) times.

15. On or about August 10, 2016, at 3:47 p.m., Plaintiff answered a call from Defendant originating from (800) 733-1116; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant Representative, informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff unequivocally revoked consent to be called any further.

18. On or about August 22, 2016, at 1:36 p.m., Plaintiff answered a call from Defendant originating from (816) 420-4632; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

19. Defendant Representative, informed Plaintiff that it was attempting to collect a debt.

20. Plaintiff unequivocally revoked consent to be called any further for a second time.

21. Between August 22, 2016 and October 11, 2016, Defendant called Plaintiff no less than two-hundred and seven (207) times after having unequivocally revoked consent to be contacted by telephone.

22. Despite Plaintiff's multiple requests, Defendant continued to place incessant calls to Plaintiff calling her seven (7) to eight (8) times per day on multiple occasions.

23. For example, on or about October 7, 2016 Defendant called Plaintiff eight (8) times at 8:04 a.m., 8:17 a.m., 10:18 a.m., 11:13 a.m., 11:19 a.m., 1:29 p.m., 2:14 p.m., and 5:15 p.m.

24. The following day, on or about October 8, 2016 Defendant called Plaintiff eight (8) times at 8:06 a.m., 9:15 a.m., 9:36 a.m., 10:16 a.m., 11:12 a.m., 11:18 a.m., 12:19 p.m., and 1:47 p.m..

25. On or about October 9, 2016 at 8:02 a.m., 9:22 a.m., 10:03 a.m., 10:23 a.m., 11:25 a.m., 12:05 p.m., 12:26 p.m., and 2:06 p.m.; for a total of twenty-four (24) calls in three (3) days.

26. In a little over a two-month period, between August 10, 2016 to October 11, 2016, Defendant contacted Plaintiff no less than two-hundred and sixteen (216) times after multiple revocations by Plaintiff requesting that Defendant not contact her further.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

28. Plaintiff has been diagnosed with unstableness, hypertension, and insomnia; all of these conditions were aggravated by Defendants incessant calls.

29. Due to her ailments, Plaintiff was ordered by her doctor to rest and to stay off her feet; Plaintiff kept her phone nearby in the event of an emergency.

30. While attempting to recover, Plaintiff would routinely be awoken by the calls from Defendant.

31. Defendant's conduct induced stress and anxiety.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

        iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mary A. Competente, respectfully requests judgment be entered against Defendant, Citibank, N.A., for the following:

    A. Declaratory judgment that Defendant violated the RFDCPA;

B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: December 9, 2016      By:*/s/ Stuart Price*
Stuart Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorneys for Plaintiff,
Mary A. Competente